St. Louis, Iron Mountain & Southern Railway Company

*v.* Batesville & Winerva Telephone Company.

### Opinion delivered May 18, 1908.

LIMITATION—LIABILITY OF PURCHASER OF RAILROAD—NOTICE.—Under the rule that short statutes of limitation are to be construed strictly, Kirby's Digest, § § 6587, 6588, providing that a company or individual purchasing a railroad from another company shall take "subject to all debts, liabilities and obligations" of the selling company, and that "all persons or corporations having claims against the purchasing company or individual under this act shall present the same to the purchasing company or individual within twelve months after receiving notice from the purchasing company or individual of the sale, or be forever barred," should be construed to require actual, and not merely constructive, notice.

Appeal from Pulaski Chancery Court; *Jesse C. Hart,* Chancellor; affirmed.

#### STATEMENT BY THE COURT.

On November 1, 1904, the Batesville & Winerva Telephone Company sued the White River Railway Company for injuries sustained to its telephone lines by the negligent acts of the railroad company in the construction of said railway during the years 1901 and 1902. Judgment was rendered in favor of the telephone company for $550 and costs. The White River Railway Company appealed to the Supreme Court, and this court on December 17, 1906, affirmed said judgment. *White River Ry. Co.* v. *Batesville & Winerva Telephone Co.,* 81 Ark. 195.

The White River Railway Company sold to the St. Louis, Iron Mountain & Southern Railway Company all of its property, and made a certificate of sale, dated the second of February, 1903, and filed the same in the office of the Secretary of

State on the 19th of March, 1903, and filed the deed conveying the property to the appellant railroad company in the recorder's office of the different counties through which the line ran on the 28th of March, 1903. The deed contained the following clause:

"The further consideration for this conveyance is that said party of the second part will assume and pay, and by accepting delivery of this indenture agrees to assume and pay, all the indebtedness incurred by said party of the first part in the construction of its railroads and the acquisition of its property, and will assume all liabilities contracted by said party of the first part in connection therewith for labor and materials and for the acquisition of right of way and depot grounds and other real and personal property, as provided by the resolutions of the board of directors and stockholders, respectively, of the parties of the first and second parts, hereinafter referred to."

The chancellor found that the telephone company received no notice from the purchaser of the White River Railway Company of the sale to it, and only such notice was received as the law would imply by the filing of the deed and the certificate with the Secretary of State.

After execution and a *nulla bona* return against the White River Railway Company, the telephone company brought this suit against the St. Louis, Iron Mountain & Southern Railway Company, on the 6th of November, 1905, alleging that the defendant railway company is the owner and holder of the property of the White River Railway Company, subject to the debts, liabilities and obligations of the said White River Railway Company, and that the defendant railway company holds said property in trust for the payment of the debts of the said White River Railway Company, and that it is unable to collect its judgment against the White River Railway Company, and prays for judgment and enforcement of a lien to the extent of its judgment against the St. Louis, Iron Mountain & Southern Railway Company.

The telephone company prevailed in the chancery court, and the railroad company has appealed.

*T. M. Mehaffy* and *J. E. Williams,* for appellant.

1. No demand having been made or presented within

twelve months and claimant having no notice, actual or constructive, the company is not liable. Kirby's Digest, § 7672; 76 Ark. 525 not in point. Possession is notice. 16 Ark. 340; 77 Ark. 309. Whatever is sufficient to put a purchaser on inquiry is notice. 15 Ark. 184; 16 *Id.* 340; *Id.* 543. A vendee affected by recitals in his deed. 29 Ark. 650; 43 *Id.* 464; 37 *Id.* 571; 50 *Id.* 322; 35 *Id.* 100; 25 Fed. 1140; 27 Atl. 984; ·54 Pac. 710; 1 So. 773; 7 *Id.* 488; 81 N. W. 936; 33 So. 687; 45 S. E. 387, 579; 43 Conn. 53.

2. The suit is barred by the one-year statute of limitation. Kirby's Digest, § 6588.

*McCaleb & Reeder* and *Bradshaw, Rhoton & Helm,* for appellee.

1. The claim was presented within one year from the date of filing the deed. Kirby's Digest, § § 6587-8. Filing a complaint is an emphatic presentation of a claim and due and legal notice within the year. 32 L. R. A. 33; 32 Wash. 349.

2. Record of a deed is not notice to all the world. It is only notice to those claiming title under the same grantor, and has no reference to those not dealing with the title. 70 Ark. 256; 76 *Id.* 526.

3. There is a difference between the purchase of a railroad and the consolidation. Kirby's Digest, § 6587; 15 How. 307; 42 Mo. 63; 120 Mass. 397.

4. The purchasing company liable for the debts of the old company under the statute. Cases *supra;* 16 Neb. 254; 36 Minn. 505; 88 Tenn. 138.

5. Outside the statute, the appellant is liable under its deed whereby it assumed all liabilities of the old company. 23 L. R. A. 231; 84 Iowa, 462; 111 Wisc. 198; 23 Am. & Eng. Enc. Law, 774.

Hill, C. J., (after stating the facts). The question is whether the limitation of this action is one year under section 6588, Kirby's Digest. There might be a question of some interest as to whether, if said section is not applicable, the limitation of this action would be the three-year statute, under the first paragraph of section 5064, of the five-year statute under section 5069, or the five-year statute under section 5074. But

that is not important for the action was commenced within less than three years of the purchase by the St. Louis, Iron Mountain & Southern Railway Company of the White River Railway Company, and, the limitation against the White River Railway Company having been arrested by suit progressing to judgment, therefore the action was not barred under any statute unless by the one year provided in section 6588.

A purchasing company becomes bound for the liability of the selling company by statute, or by the terms of the purchase, or as trustee to discharge claims against it, or in all of these ways. See 23 Am. & Eng. Enc. of Law, 773, 775, and instances in notes; *Organ* v. *Memphis & L. R. Rd. Co.*, 51 Ark. 235; *Ratcliff* v. *Adler*, 71 Ark. 269.

On March 20, 1889, the Legislature passed an act to regulate the purchase and consolidations of railroads. Kirby's Digest, § § 6587, 6588. The first section broadly made the purchasing company liable for the debt, liabilities and obligations of the purchased company. These debts, liabilities and obligations would be barred according to the respective acts applicable to them. The next section then gives a privilege to the purchasing company to shorten the period of limitation by giving notice to all persons or corporations having claims against it under the act to present the same within twelve months or they would be barred. The question is, whether the notice therein referred to is actual or constructive, the statute itself being susceptible of either construction.

It is common knowledge that railroad companies keep a complete and detailed system of books, and have a department looking after claims that are incurred by or asserted against them. The purchasing company would therefore have means of knowing of all the liabilities of every kind of the purchased company, so far as was known by it, and could obtain, at least approximately, definite information of the debts and liabilities it was assuming. The purchasing company can then shorten the limitation against it by giving notice to persons having claims against the purchased company, and in the ordinary run of affairs would have the information necessary to do so. This is a valuable privilege, and with notice of it the creditors of the purchased company cannot be injured by it. If constructive

notice put the statute in operation, the creditors of the purchased company would have to be searching the county records or the record in the Secretary of State's office to find transfers, in order to prevent the ordinary period for assertion of claims being shortened by some sale of which they had no knowledge.

"A statute is to be construed so that it may have a reasonable effect, agreeably to the intention of the Legislature." *Wilson* v. *Biscoe,* 11 Ark. 44. The reasonable effect to be given this statute is to require that the notice be actual, and not merely constructive, to bring it into operation. This construction gives a fair statute, operating harshly upon no one, and it is to be presumed that such was the intention of the Legislature. This is consonant to the rule of construction that short statutes of limitation are construed strictly.

It is argued that the facts and circumstances of this case were sufficient to have amounted to actual notice. The case is tried here on the facts found by the chancellor, as all the evidence was not preserved; and the chancellor found that the plaintiff did not receive actual notice of the sale to the St. Louis, Iron Mountain & Southern Railway Company by the White River Railway Company.

Judgments affirmed.

MR. JUSTICE HART, having presided in the chancery court, was disqualified and did not participate herein.