## Gennone v. Peoples
## National Bank & Trust Co.

*Leonard Markel*, for plaintiff.

*David M. Jordan,* for defendant.

TREDINNICK, J., January 21, 1971.—Between January 23, 1964, and March 6, 1967, defendant honored and paid 25 forged checks from plaintiff's account. All of the forgeries were perpetrated by plaintiff's wife, and plaintiff received no benefit from those checks.

As early as June 1965, plaintiff notified defendant that he was not receiving his statements and cancelled checks, although defendant was, in fact, mailing them to plaintiff. Defendant thereafter held plaintiff's bank statements for delivery only to him rather than mailing them. Plaintiff did not inform defendant that some of the checks were forgeries until March 6, 1967, when the account was closed.

It may reasonably be inferred from the evidence that prior to June 1965, plaintiff's wife took plaintiff's bank statements before he saw them. It may also be inferred that after plaintiff arranged to pick up his statements at the bank, his wife took some of them after he brought them home. Plaintiff admits that he did not reconcile or balance his account each month, and did not discover the forgeries until late February 1967.

Section 4-406(4) of the Uniform Commercial Code of April 6, 1953, P. L. 3, 12A PS §4-406(4), provides that regardless of the care, or lack of care, of either the bank or its customer, if a customer does not discover and report his unauthorized signature within one year from the time the statement and items were made available to him, he is precluded from asserting such unauthorized signature against the bank. Therefore, any claim involving checks numbered one through 12 according to the complaint, all returned to plaintiff more than one year prior to plaintiff's giving the bank notice of his unauthorized signature, is barred.

Furthermore, since all the forgeries were perpetrated by the same wrongdoer, plaintiff is precluded from asserting against the bank any claim through checks which were paid by the bank more than 14 days after the first statement containing an item with an unauthorized signature was made available to him: Section 4-406(2)(b). While section 4-406(3) provides that section 4-406(2)(b) is inapplicable where the "customer establishes lack of ordinary care on the part of the bank," no such lack on the part of defendant has been shown here.

Accordingly, we enter the following

### ORDER

And now, January 21, 1971, verdict is entered in favor of defendant.