**INDIANA NATIONAL CORPORATION, d/b/a Indiana National Bank, Appellant-Defendant,**

v.

**FACO, INC., Appellee-Plaintiff.**

**No. 2–577A184.**

Court of Appeals of Indiana, Fourth District.

Feb. 19, 1980.

John P. Price and Jonathan L. Birge, Bingham, Summers, Welsh & Spilman, Indianapolis, for appellant-defendant.

Raymond I. Klagiss, Wayne C. Bruness and Charles E. Johnson, Heeter, Johnson, Salb & Williams, Indianapolis, for appellee-plaintiff.

CHIPMAN, Judge.

Indiana National Bank (INB) appeals from an adverse judgment in a suit brought by FACO, Inc. The complaint alleges INB wrongfully paid 167 forged checks drawn on FACO's account. The checks had been forged by FACO's bookkeeper and made payable either to his daughter or to himself. The trial court entered judgment for $51,-809.09 which was the sum of the 167 checks together with interest from February 10, 1976.

The issues on appeal concern whether FACO and/or INB met their respective duties as prescribed by pertinent portions of Ind.Code 26–1–4–406.[1]  Also at issue is the

---

1.  26–1–4–406 [19–4–406].  Customer's duty to discover and report unauthorized signature or alteration.—(1) When a bank sends to its customer a statement of account accompanied by items paid in good faith in support of the debit entries or holds the statement and items pursuant to a request or instructions of its customer or otherwise in a reasonable manner makes the statement and items available to the customer, the customer must exercise reasonable care and promptness to examine the statement and items to discover his unauthorized signature or any alteration on an item and must notify the bank promptly after discovery thereof.

(2) If the bank establishes that the customer failed with respect to an item to comply with the duties imposed on the customer by subsection (1) the customer is precluded from asserting against the bank

(a) his unauthorized signature or any alteration on the item if the bank also establishes that it suffered a loss by reason of such failure; and

(b) an unauthorized signature or alteration by the same wrongdoer on any other item paid in good faith by the bank after the first item and statement was available to the customer for a reasonable period not exceeding fourteen

applicability of the one year time limitation set forth in subsection (4) of Ind.Code 26–1–4–406.[2] In addition, appellee FACO questions appellant's compliance with Ind. Rules of Procedure, Appellate Rule 8.3(A)(7), claiming INB failed to support its arguments with sufficient citations to authority and transcript references.

Briefly the facts reveal FACO is a relatively small family owned corporation which established a checking account with INB in 1963. Three corporate officers were authorized to sign checks: President Dale Fazekas, Vice President Gerald Fazekas, and Secretary Eve Fazekas. All three had signed a signature card which was kept on file at INB.

From June of 1973 to June 1975, Rex M. Conner was employed by FACO as a bookkeeper. Conner's duties consisted of general bookkeeping, which included reconciling bank statements and writing checks; he did not, however, have the authority to sign checks. While employed by FACO, Conner forged the name of Gerald Fazekas on 167 checks totaling $51,809.09. These checks were made payable to Conner or his daughter, Teresa DeLong.

During the period of Conner's employment, the officers of FACO did not examine the monthly statements provided by INB, nor did they review the cancelled checks to make certain none were missing. An audit of the corporation's books was considered, but decided against, at least partially on the advice of the corporation's accountant. The same accountant prepared FACO's tax returns, and in doing so apparently cursorily reviewed the books, but found nothing to arouse suspicion. FACO discovered the forgeries in 1975 and notified INB.

## I. DUTIES

■ It is a general rule that a bank is presumed to know the signatures of its depositors and pays forged checks at its peril. *V. H. Juerling & Sons, Inc. v. First National Bank,* (1968) 143 Ind.App. 671, 242 N.E.2d 111; *Neal v. First National Bank of Lebanon,* (1901) 26 Ind.App. 503, 60 N.E. 164. This rule, however, is not absolute, and a bank may escape liability if it can show its customer's negligence contributed to the payment of the forged items. Ind. Code 26–1–4–406(2). INB contends it has demonstrated such negligence by FACO.

INB maintains FACO is precluded from recovery by Ind.Code 16–1–4–406(1) and (2). Subsection (1) of the statute clearly states a bank customer, such as FACO, has an affirmative duty to "exercise reasonable care and promptness" in examining bank statements and items to discover any unauthorized signatures or alterations. If this duty is not met, subsection two of the statute precludes recovery from the bank on any checks containing the unauthorized signature of the same forger which were paid by the bank at least fourteen days after the first item and statement were made available to the customer.

The customer's duty to examine and the penalty for failure to do so were discussed in *V. H. Juerling & Sons, Inc. v. First National Bank,* (1968) 143 Ind.App. 671, 242 N.E.2d 111. *Juerling* involves a factual situation remarkably similar to the one presented by this case. A trusted bookkeeper of a small corporation forged the signature on a large number of checks and made the checks payable to herself. The corporation's bank paid every check and charged the corporation's account. This court found that since the corporation had not examined its cancelled checks or statements, the corporation, as a matter of law, was "guilty of such negligence as to amount

---

[14] calendar days and before the bank receives notification from the customer of any such unauthorized signature or alteration. .

**2.** (4) Without regard to care or lack of care of either the customer or the bank a customer who does not within one [1] year from the time the statement and items are made available to

the customer (subsection (1)) discover and report his unauthorized signature or any alteration on the face or back of the item or does not within three [3] years from that time discover and report any unauthorized indorsement is precluded from asserting against the bank such unauthorized signature or indorsement or such alteration.

to a ratification of the bank's actions in paying the forged checks and to preclude the appellant's [corporation's] recovery from the banks." 242 N.E.2d at 119.

■ The evidence presented in this case shows that FACO failed to exercise the degree of care required by the statute. No audit was performed, and none of FACO's officers took the time to inspect the items or the statements provided by INB. As a result, the only person examining the account records was the forger, Conner. Thus, under subsections (1) and (2) of Ind. Code 26–1–4–406, it appears FACO would be barred from asserting the unauthorized signatures against Indiana National Bank. However, subsection (3) of the same statute states, "The preclusion under subsection (2) *does not apply* if the customer establishes lack of ordinary care on the part of the bank in paying the item(s)." (emphasis added). Thus, if FACO could show INB negligently paid the checks forged by Conner, it could recover pursuant to subsection (3).

FACO presented evidence at trial which arguably proved negligence on the part of INB. Three cancelled checks drawn on the FACO account were admitted as evidence. All three checks had been paid, but none of the three were signed. An employee of Indiana National, whose duty it was to examine the checks for unauthorized signatures, testified the three checks should not have been paid. In addition FACO presented evidence of the extremely heavy workload of the bank employees who are responsible for examining checks. Also it was shown that INB was unable to produce copies of thirty of the forged checks. Whether this evidence constituted negligence on the part of Indiana National was a question of fact for the trial court. We cannot reweigh the evidence nor judge the credibility of the witnesses. The trier of fact apparently found INB was negligent, and in light of the evidence, we see no reason to reverse its findings.

## II

■ We must reverse the trial court, however, on another, related issue. Subsec-

tion (4) of Ind.Code 26–1–4–406 states in pertinent part:

(4) Without regard to care or lack of care of either the customer or the bank a customer who does not within one (1) year from the time the statement and items are made available to the customer (subsection (1)) discover and report his unauthorized signature or any alteration on the face or back of the item . . . is precluded from asserting against the bank such unauthorized signature or endorsement or such alteration.

The record reveals FACO reported the forgeries to INB in August of 1975. Unfortunately, a more specific date is not available from the record. Thus, under the express language of the statute FACO was precluded from recovering from INB on any of the forged checks dated prior to August 1974. The clear purpose of the statute is to encourage promptness and good business practices on the part of bank customers, and to relieve banks of any liability to their customers who fail to follow such practices. The purpose is a good one, and we endorse it.

■ Appellee FACO urges that *Ind. Code 26–1–4–406(4)* should be read as a statute of limitations. As such, it argues INB has waived this issue because it was not pleaded as an affirmative defense pursuant to Ind. Rules of Procedure, Trial Rule 8(C). We find appellee's argument without merit. Ind.Code 26–1–4–406(4) is substantive law. A statute of limitations is procedural, *Bennett v. Bennett,* (1977) Ind.App., 361 N.E.2d 193; *Horvath v. Davidson,* (1970) 148 Ind.App. 203, 264 N.E.2d 328, and limits the time in which an action may be brought. Ind.Code 26–1–4–406(4) merely requires a customer to "discover and report" to his bank any forged or altered check within one year of the time it is made available to him. The penalty for failure to do so is preclusion from asserting a bad check against the bank. The statute in no way limits or controls the time in which a customer must bring suit.

### III.

INB argues FACO has not met its burden, imposed by 26–1–4–406(3), of establishing negligence on the part of the bank as a matter of law. Two arguments are raised.

Appellant first urges that the evidence of three unsigned checks should not have been admitted over its relevancy objection. Relevancy is the logical tendency of evidence to prove a material fact. *Lake County Council v. Arredondo*, (1977) Ind., 363 N.E.2d 218. Although remote in time, the checks were examined by the same department of the bank which examined the forged checks, and there was no evidence the department's procedures had changed. In addition, this evidence was presented in response to the testimony of Fannie Tyson, who was employed by INB to review customers' checks; the purpose of Ms. Tyson's testimony had been to establish the good business practices of the bank. The relevancy of evidence is a question for the sound discretion of the trial judge, and his determination will be reversed only where clear abuse is shown. We find no such abuse of discretion here.

Appellant also urges the evidence was insufficient to establish the bank's lack of ordinary care as a matter of law. Appellant could succeed if it could show the evidence presented produced at best a decision based on mere conjecture or speculation, *G. B. v. S. J. H.*, (1975) Ind.App., 338 N.E.2d 315; *Beaman v. Hedrick*, (1970) 146 Ind. App. 404, 255 N.E.2d 828, but as discussed in Part I of this opinion, there are conflicting inferences and direct evidence from which the trial judge could have found negligence.

### IV.

FACO urges us to deem the arguments presented in Appellant INB's brief waived for failure to comply with Ind. Rules of Procedure, Appellate Rule 8.3(A)(7). Appellee argues INB has not followed the mandates of the rule in that it has failed to support its arguments with sufficient citations to authority and transcript references. We find ample authority in Appellant's brief to satisfy A.R. 8.3(A)(7).

Judgment affirmed in part, reversed in part, and remanded for entry of judgment in favor of FACO for $51,809.09 less the sum of FACO's forged checks which cleared the bank during and before July 1974.

MILLER, P. J., and BUCHANAN, C. J. (sitting by designation), concur.