Billy S. MABRY *and wife*, Morecia MABRY
*v.* SOUTHWESTERN BELL TELEPHONE COMPANY

CA 80-199                                    606 S.W. 2d 373
Court of Appeals of Arkansas
Opinion delivered October 22, 1980

*Guy H. Jones, Phil Stratton, Guy Jones, Jr.* and *Casey Jones,* by: *Guy H. Jones,* for appellants.

*Southern & James,* by: *Theodore Holder,* and *Sandra Brown,* for appellee.

STEELE HAYS, Judge. This appeal challenges a summary judgment granted by the trial court on motion of the defendant below, Southwestern Bell Telephone Company.

On April 24, 1978, Billy S. Mabry and Morecia Mabry filed suit alleging that the telephone company had committed a trespass on April 21, 1976, upon a parcel of land owned by the Mabrys by removing a fence, destroying trees and shrubbery, and by digging a trench some 100 feet in length for the apparent purpose by laying a telephone cable. The complaint sought compensatory and punitive damages.

The suit evoked numerous pleadings, amendments, and a counterclaim, which we need not track in detail, except to say that the telephone company defended by way of a general denial and a contention that the complaint was barred by limitations pursuant to Ark. Stat. Ann. § 77-1636. Further, the telephone company alleged that any action by the company occurred within a utility easement.

While the matter was pending, the telephone company filed a motion for summary judgment claiming no material issue of fact, relying on an affidavit by Avery Auten that he was an engineer for the telephone company in April of 1976; that he staked out the line where the telephone cable was to be placed and that the stakes and line were within the company's utility easement, as was the Mabry's fence. This affidavit was countered with an affidavit from Mr. & Mrs. Mabry, referring to plats, individuals, and to litigation extraneous to the pleadings and the record, but nevertheless reasserting the ownership in fee simple absolute in the plaintiffs of the property described in the complaint as belonging to the Mabrys. This affidavit denies the creation of a valid easement by the telephone company from the plaintiffs or any

predecessors in title. No easement, survey, plat or other instrument appears in the record.

Based upon "the pleadings, affidavits, motions, and arguments," the trial court entered summary judgment finding "that the defendant's claim to a rightful easement is valid" and ordering the dismissal of the complaint with prejudice.

After a motion to vacate the judgment which the court denied, plaintiffs bring this appeal, asserting that the court erred in granting the motion for summary judgment.

We agree with appellants that it was error to grant summary judgment based on an easement which does not appear in the record and is not identified as to grantors, date of grant, or even the description of the land subject to the alleged easement. In short, there is nothing in this record to validate a summary judgment other than the affidavit of Mr. Auten asserting simply that there is an easement and that he staked a line within its dimensions, which are disputed issues to say the least. One or more affidavits of the plaintiffs challenge the assertion of the Auten affidavit and clearly material issues of fact are present. The complaint alleges the ownership of a specific tract of real property by the plaintiffs and that the defendant unlawfully entered the plaintiffs' property with consequential damage. These allegations have been denied, but it cannot be said that there is evidence to the contrary on which a summary judgment can be founded.

Numerous cases refer to the rule that summary judgment is an extreme remedy which should not be allowed except when there is no genuine issue as to any material fact and, further, the evidence must be viewed in the light most favorable to the party resisting the motion. *Griffin* v. *Monsanto Chemical Company*, 240 Ark. 420, 400 S.W. 2d 492 (1966); . *Wirges* v. *Hawkins*, 238 Ark. 100, 378 S.W. 2d 646 (1964). More than that, the Supreme Court has stated that even where a material issue is lacking, if reasonable men might still reach different conclusions, a motion for summary judgment is not proper. *Braswell* v. *Gehl*, 263 Ark. 706, 567 S.W. 2d 113 (1978).

Appellant relies upon the case of *Jones* v. *Haliburton Company*, 240 Ark. 919, 403 S.W. 2d 51 (1966), wherein the trial court granted Haliburton's motion for summary judgment on the issue of whether Jones owned a leasehold interest in Oklahoma land, which Jones denied. The motion for summary judgment was based on an unsigned contract supported by an affidavit asserting that Jones owned a leasehold interest in the lands; Jones filed a motion simply denying that the contents of the affidavit were true. Upon Jones' failure to refute the issue any further, the trial court granted a motion for summary judgment.

The Supreme Court reversed the trial court, stating that the appellant would not be required to offer further proof or take additional steps to refute the issue. The court stated that Jones was entitled to trial in order that he would have the opportunity to present his witnesses and cross-examine appellee's (Haliburton) witnesses in open court. The facts are comparable to the case at bar.

Appellee raises another issue on appeal, namely, the statute of limitations. Without conceding that any material isue of fact exists, the appellee contends that even if the court erred in relying on the easement in granting summary judgment, nevertheless, if it reached the right result we should affirm, citing *Purser* v. *Corpus Christi State National Bank*, 258 Ark. 54, 522 S.W. 2d 187 (1975) and other cases. This argument is predicated on the language of Ark. Stat. Ann. § 77-1636, which limits to two years the time in which suits may be brought against a telephone company by reason of the maintenance of telephone lines on any real property. If this statute is applicable to the facts before us, then the appellee's argument would be well-founded as it is apparent from the record that more than two years have elapsed between the alleged cause of action (April 21, 1976) and the filing of the complaint (April 24, 1978). Ark. Stat. Ann. § 77-1636 reads:

> LIMITATION OF ACTIONS – No suit shall be brought against any telephone company or cooperative by the reason of the maintenance of telephone lines, poles, and fixtures on any real property . . . unless it is

commenced within two years after the cause of action accrued . . .

We find no merit in this argument, as the statute clearly applies to suits arising from *maintenance* of existing telephone facilities, whereas the plaintiffs' suit is based upon an alleged trespass for the purpose of installing an underground cable. Statutes which restrict either the common law or shorten existing periods of limitation are to be construed in strict accordance with their language and it follows that this statute, by its plain wording, is limited to activities by a telephone company arising out of the *maintenance* of lines, poles and fixtures. *St. Louis, Iron Mountain & Southern Railway Company* v. *Batesville & Winerva Telephone Company*, 86 Ark. 300, 103 S.W. 725 (1908); *Peterson Produce Company* v. *Cheney*, 237 Ark. 600, 374 S.W 2d 809 (1964); *Matthews* v. *Travelers Indemnity Insurance Company*, 245 Ark. 247, 432 S.W. 2d 485 (1968).

The appellee relies upon the case of *Southwestern Bell Telephone Company* v. *Poindexter*, 245 Ark. 624, 433 S.W. 2d 833 (1968), which is readily distinguished on its facts. In *Poindexter*, the Supreme Court interpreted this statute and applied it to a factual situation in which the telephone company had mistakenly assumed that it held an easement to lands later purchased by the appellee. Relying on such misinformation, the company installed an underground telephone cable and some six years later Poindexter acquired the property and on discovering the lines, demanded that the company remove it. The telephone company brought suit to enjoin Poindexter from damaging the cable and Poindexter counter-claimed for damages, which the trial court awarded. On appeal, the Supreme Court reversed the trial court on the basis of Ark. Stat. Ann. § 77-1636, observing that the telephone company had maintained its line for more than the two years required by the statute.

In the present case, however, there is no contention that the appellee has maintained any of its lines, poles or fixtures for two years, as the pleadings reflect that it terminated any activity upon the disputed strip when the plaintiffs "remonstrated" and even filled in the ditch itself. Thus, there is no basis in this record on which it could be said that the

appellee has maintained any part of its system for two years on the affected property. If there is a factual issue in that regard, then this appeal is without prejudice to such issue.

Reversed and remanded.

PENIX, J., not participating.