402 So.2d 586 (1981)
SPACE DISTRIBUTORS, INC., a Florida Corporation, D/B/a Tropic Air, Appellant,
v.
FLAGSHIP BANK OF MELBOURNE, N.A., and Kenneth R. Wooldridge, Appellees.
No. 80-1386.
District Court of Appeal of Florida, Fifth District.
August 26, 1981.
*587 Gregory M. Wilson of Taylor & Wilson, Orlando, for appellant.
Armisted W. Ellis, Jr. of Nohrr, Nohrr, Brushwood & Howze, P.A., Melbourne, for appellees.
FRANK D. UPCHURCH, Jr., Judge.
This is an appeal from a final summary judgment in an action to recover for forged checks cashed by Flagship.
*588 Tropic Air sued Kenneth Wooldridge, its bookkeeper, and Flagship Bank alleging that they were jointly and severally liable for checks totaling $158,251.49 which were forged by Wooldridge and cashed by Flagship. The checks were written over a two-year period from June 11, 1976 to November 13, 1978. Flagship was first given notice on January 23, 1979, after Tropic Air discovered the forgery scheme of Wooldridge.
On March, 31, 1980, the court entered a final default judgment against Wooldridge and dismissed the complaint against Flagship for all checks written prior to one year from the notice given Flagship of the forged signatures. The dismissal was based on the notice requirement of section 674.406(4), Florida Statutes (1979). As to the rest of the checks, the court held that the complaint stated a cause of action for negligence against Flagship. Flagship subsequently moved for summary judgment claiming that the bank used due care in honoring the checks and that Tropic Air's failure to examine its monthly statements and to verify the signatures on its checks was the proximate cause of its loss. On November 12, 1980, the court entered final summary judgment for Flagship. Tropic Air appeals from that judgment. We REVERSE.
Section 674.406(1), Florida Statutes (1979), imposes the following duties upon a bank customer:
When a bank sends to its customer a statement of account accompanied by items paid in good faith in support of the debit entries or holds the statement and items pursuant to a request or instructions of its customer or otherwise in a reasonable manner makes the statement and items available to the customer, the customer must exercise reasonable care and promptness to examine the statement and items to discover his unauthorized signature or any alteration on an item and must notify the bank promptly after discovery thereof.
The depositions reflect that Wooldridge was responsible for writing the checks and for reconciling the bank statements. The President, Vice-President and the Secretary of Tropic Air all conceded that the account statements had been received on a monthly basis but that they had not examined any checks to determine the authenticity of signatures during the twenty-six months the checks were being cashed. This evidence is sufficient to warrant the conclusion that Tropic Air totally failed to exercise reasonable care by promptly examining its cancelled checks as required by section 674.406(1). See Industrial Systems of Huntsville, Inc. v. American Nat. Bank of Huntsville, 376 So.2d 742 (Ala. Civ. App. 1979), Zenith Syndicate, Inc. v. Marine Midland Bank, 23 U.C.C.Rep. 1267 (Civ.Ct.N.Y. 1978), and Kiernan v. Union Bank, 18 U.C.C.Rep. 1026, 55 Cal. App.3d 111, 127 Cal. Rptr. 441 (1976), which are factually identical to the present case.
Section 674.406(2) defines the effect of the failure of the customer to comply with subsection (1):
If the bank establishes that the customer failed with respect to an item to comply with the duties imposed on the customer by subsection (1) the customer is precluded from asserting against the bank.
... .
(b) An unauthorized signature or alteration by the same wrongdoer on any other item paid in good faith by the bank after the first item and statement was available to the customer for a reasonable period not exceeding fourteen calendar days and before the bank receives notification from the customer of any such unauthorized signature or alteration. (Emphasis supplied.)
This provision applies only if all the forgeries were perpetrated by the same wrongdoer on items paid after the first item and statement were available to the customer for a period not to exceed fourteen days and before the bank receives notification. There were no allegations that anyone other than Wooldridge was responsible for the forged checks.
*589 The first item was written June 6, 1976; thus, it would appear that Tropic Air because of its failure to examine is precluded from asserting any liability against Flagship. However, under subsection 674.406(3),[1] Tropic Air would not be precluded from asserting liability against Flagship if it could establish that the bank failed to exercise ordinary care in paying the items. Indiana Nat. Corp. v. FACO, Inc., 400 N.E.2d 202 (Ind. App. 1980); Coleman v. Brotherhood State Bank, 3 Kan. App. 2d 162, 592 P.2d 103 (1979); Industrial Systems of Huntsville, Inc. v. American Nat. Bank, 376 So.2d 742 (Ala. Civ. App. 1979); Parsons Travel, Inc. v. Hoag, 18 Wash. App. 588, 570 P.2d 445 (1977); Exchange Bank & Trust Co. v. Kidwell Constr. Co., 463 S.W.2d 465 (Civ.App.Tex. 1971). Whether Flagship failed to exercise ordinary care in paying the items is a question of fact. Coleman v. Brotherhood State Bank; Exchange Bank & Trust Co. v. Kidwell Constr. Co. As the cause involved the resolution of an issue of fact, the entry of summary judgment was improper unless the claims were absolutely barred by section 674.406(4).
Section 674.406(4) provides that:
Without regard to care or lack of care of either the customer or the bank a customer who does not within one year from the time the statement and items are made available to the customer (subsection (1)) discover and report his unauthorized signature or any alteration on the face or back of the item or does not within three years from that time discover and report any unauthorized indorsement is precluded from asserting against the bank such unauthorized signature or indorsement or such alteration.
The one-year period of limitation in subsection (4) is not merely a statute of limitations but is a rule of substantive law absolutely barring a customer's right to make a claim against the bank without regard to the care or lack of care of either the customer or the bank. Brighton, Inc. v. Colonial First Nat. Bank, 176 N.J. Super. 101, 422 A.2d 433 (1980); Gennone v. Peoples Nat. Bank & Trust Co., 9 U.C.C.Rep. 707, 51 Pa. D. & C.2d 529 (1971). The one-year limitation has been held to attach to each separate check in a series of forged or altered checks and thus a new one-year period begins to run with each subsequent check when it is made available to the customer. Sun 'N Sand Inc. v. United California Bank, 21 Cal.3d 671, 148 Cal. Rptr. 329, 582 P.2d 920 (1978); Kiernan v. Union Bank, 18 U.C.C.Rep. 1026, 55 Cal. App.3d 111, 127 Cal. Rptr. 441 (1976); Neo-Tech Systems, Inc. v. Provident Bank, 43 Ohio Misc. 31, 335 N.E.2d 395 (1974).
As was noted above, the checks were forged and cashed from June 11, 1976 to November 13, 1978. Tropic Air notified Flagship of the forgeries on January 23, 1979. Thus, under section 674.406(4), Tropic Air is not precluded from asserting unauthorized signatures on checks for which the check and statement were furnished after January 23, 1978. As to these checks, Tropic Air was entitled to establish the lack of ordinary care on the part of Flagship.
The court below, however, erroneously entered final summary judgment as to these checks based in part on George Whalley Co. v. National City Bank of Cleveland, 55 Ohio App.2d 205, 380 N.E.2d 742 (1977). In George Whalley, the company bookkeeper had cashed a number of checks drawn on the customer's account. The bank established that the customer failed to exercise reasonable care in examining the statement and thus claimed that the preclusion under section 4-406(2)(b) was applicable. The customer countered that the bank was negligent in paying the items. The court ruled that the "lack of ordinary care" of 4-406(3) refers back to the first item and statement in (2)(b) and thus the question of negligence is limited to the bank's actions in cashing the first item.
Based on George Whalley, the court below held that only Flagship's negligence in *590 cashing the first forged item was relevant and as the claim for that check was barred because of the notice requirements of section 674.406(4), Flagship was entitled to summary judgment for all subsequent checks.
The trial court's reliance on George Whalley is misplaced. The U.C.C. provision 4-406(3) as adopted by Ohio differs materially from the provision as adopted by Florida. The U.C.C. § 4-406(3) and the Florida provision provides that "the preclusion... does not apply if the customer establishes lack of ordinary care on the part of the bank in paying the item(s)." (Emphasis added.) The Ohio provision, however, reads the same except that it refers to "lack of ordinary care on the part of the bank in paying the item." (Emphasis added.) The use of the singular "item" warranted the court's interpretation that the negligence of section 4-406(3) refers back only to the first item. As was noted above, the U.C.C. and the Florida provision use the singular and plural "item(s)" and thus the construction that the negligence in 4-406(3) refers only to the first item is not warranted. In jurisdictions where the U.C.C. provision employing the word "item(s)" has been adopted, the customer has been permitted to establish the negligence of the bank in paying subsequent checks even though the claim as to the initial forged check was barred by the time limitation of 4-406(4). See, e.g., Indiana National Corp. v. FACO, Inc., 400 N.E.2d 202 (Ind. App. 1980) and Exchange Bank and Trust Co. v. Kidwell Constr. Co., 463 S.W.2d 465 (Civ.App.Tex. 1971).
Here, Tropic Air should have been permitted to establish the lack of ordinary care, if any, on the part of Flagship in paying subsequent checks not barred by the notice requirement of section 674.406(4) even though the claim as to the initial forged check was barred.
We therefore REVERSE the summary judgment and REMAND for trial on the issue of the bank's negligence, if any.
COBB and SHARP, JJ., concur.
NOTES
[1] Section 674.406(3) provides as follows:

The preclusion under subsection (2) does not apply if the customer establishes lack of ordinary care on the part of the bank in paying the item(s).