**COAST–TO–COAST STORES, INC., Plaintiff,**

v.

**The CITIZENS BANK and Womack–Bowers, Inc., Defendants.**

**No. B–C–87–101.**

United States District Court, E.D. Arkansas, W.D.

Dec. 30, 1987.

either Arkansas, where the suit was brought, or Texas, whose substantive law applies.

924

David M. Powell, Wright, Lindsey & Jennings, Little Rock, Ark., for plaintiff.

John C. Gregg, Highsmith, Gregg, Hart, Farris & Rutledge, Batesville, Ark., for defendants.

## ORDER

ROY, District Judge.

Before the Court are the motions for summary judgment filed by both parties. From the pleadings filed herein, it appears that the facts are undisputed. The parties disagree, however, as to the result of the legal principles involved.

The defendants do not dispute the facts as set out in plaintiff's Statement of Material Facts as to Which There is no General Issue. In late 1983, Coast-to-Coast Stores, Inc. ("Coast") was a creditor of Womack with a security interest in inventory and equipment of Womack. The Citizens Bank ("Bank") was also a secured creditor of Womack, but its security interest was subordinate and inferior to that of Coast.

In early 1984, Travelers Indemnity Company submitted a check for $32,688.45 as reimbursement for inventory water damage loss suffered by Womack, with the check payable to Womack, Coast and Bank pursuant to applicable loss payable clauses. On April 19, 1968 Coast wrote Bank, requesting that it endorse the insurance settlement check to Coast pursuant to the subordination of security interest agreement. On May 4, 1984 Bank's counsel wrote Coast with regard to the insurance settlement check, "... propos[ing] that Coast waive endorsement of the check and that the check be deposited in an escrow account for the benefit of the parties concerned at The Citizens Bank in Batesville, Arkansas.

On May 30, 1984 Coast wrote Bank agreeing to the establishment of an interest-bearing escrow account, with "... the proceeds to be distributed only upon signed instructions from the three parties."

On June 6, 1984 counsel for the Bank responded to Coast's letter of May 30, 1984 and accepted its terms.

On June 18, 1984 Bank again wrote Coast, indicating that the funds had been placed in an interest bearing account in accordance with Coast's letter instructions of May 30, 1984, and Bank enclosed a signature card for the account.

On June 26, 1984 Coast returned the signature card as requested by the Bank. The account was given number 18–140–79 by the Bank, with an initial deposit of $32,688.45. The account accrued interest until August 16, 1985 when Womack instructed the Bank to apply the funds in the account on Citizens Bank note number 9156. The Bank did so. At that time the account balance was $35,939.07.

On August 16, 1985 Coast recovered a judgment in the U.S. District Court, Eastern District of Arkansas, against Womack for $53,114.11 with costs. The judgment has not been paid.

On December 19, 1985 Coast notified the Bank that the withdrawal violated the terms of the account and made demand for the proceeds of the account. Following affirmance of the District Court's judgment in favor of Coast against Womack, Coast again demanded the proceeds of the account on June 8, 1987. The bank has made no payment on the account to Coast.

It is the position of the Bank that plaintiff's complaint must be dismissed pursuant to Arkansas Statutes Annotated 85–4–406. The plaintiff contends that the Bank has conceded in its answer in this case that it has no interest in the account superior to that of Coast, and accordingly, as among the three parties involved in the escrow account, Coast is clearly entitled to those proceeds.

The Code section relied upon by the Bank governs a bank customer's duty to discover and report unauthorized signatures on its account, and provides, in pertinent part:

> Without regard to care or lack of care of either the customer or the bank a customer who does not within one year from the time the statement and items are made available to the customer ... *discover and report* his unauthorized signature ... is precluded from asserting against the bank such unauthorized signature ... (emphasis supplied.)

Ark.Stat.Ann. § 85–4–406(4).

Defendants take the position that under the above statute, Coast had one year from December 19, 1985 within which to file suit, and having failed to do so, is absolutely barred from now proceeding against the Bank, relying on *Pine Bluff National Bank v. Kesterson,* 257 Ark. 813, 520 S.W. 2d 253 (1975) and *Allied Concord Financial Corporation v. Bank of America National Trust and Savings Association,* 275 Cal.App.2d 1, 80 Cal.Rptr. 622 (1969).

Plaintiff argues that the Code section in question merely requires that an aggrieved customer "discover" and "report" any unauthorized withdrawals, and that such discovery and notification clearly occurred within one year in this case.

The Court has examined the cases cited by the parties, as well as others, and concludes that judgment should be granted in favor of the plaintiff. The clear language of the statute requires the customer to "discover and report" any unauthorized withdrawals. In statutory interpretation, the Court first looks to the language of the statute itself. *United States v. Anderson,* 626 F.2d 1358 (8th Cir.1980), *cert. denied,* 450 U.S. 912, 101 S.Ct. 1351, 67 L.Ed.2d 336 (1981). Furthermore, words in a statute must be given their usual and ordinary meaning, and if there is no ambiguity, the statute is given effect just as it reads. *Chandler v. Perry–Casa Public School District No. 2,* 286 Ark. 170, 690 S.W.2d 349 (1985). The Court agrees with the plaintiff's argument that if the Legislature intended to create a statute of limitations, it usually uses words such as "all actions ... shall be commenced within ... years after the cause of action accrues." It did not do so here. Moreover, if there is any doubt here, statutes which impose short statutes or shorten existing periods of limitation are to be construed in strict accordance with their language. *St. Louis I.M. & S. Ry. Co. v. Batesville and Winerva Tel. Co.,* 86 Ark. 300, 110 S.W. 1047 (1908); *Mabry v. Southwestern Bell Telephone Co.,* 270 Ark. 845, 606 S.W.2d 373 (Ark. App.1980). Further, any reasonable doubt as to which of two statute of limitation applies to a particular action is resolved in favor of the statute containing a longer period of limitations. *Broadhead v. McEntire,* 19 Ark.App. 259, 720 S.W.2d 313 (1986). Here, where the case involves a

suit on a bank's contract with its customer with regard to an account, the applicable statute of limitations appears to be Ark. Stat.Ann. § 37–209 or 37–213, each affording a five-year time period for commencement of such a contractual action.

In *Pine Bluff National Bank v. Kesterson*, 257 Ark. 813, 520 S.W.2d 253 (1975), three trustees were signatories to a cemetery maintenance account held in the Pine Bluff National Bank. Withdrawals from the account required the signatures of all three trustees. Two of the trustees brought an action against the third trustee and the bank to recover funds allegedly withdrawn from the account by Harris without proper authority; namely, the signatures of the other two trustees. The transactions in question occurred as late as October 16, 1967, and statements reflecting the transactions were sent to the corporate office. The suit was commenced on May 12, 1971. The Bank contended that the claim of the trustees and the receiver was barred by the absolute time limit of Ark. Stat.Ann. § 85–4–406 (Add.1961), the statute of limitations and laches. The Court held as follows:

> Section 85–4–406(4) is not a statute of limitations. It creates an absolute bar because it is a rule of substantive law which is a condition precedent to an action (citations omitted).

> Since items on which the complaint is based were paid by Bank on unauthorized signatures, the one year statutory period applied to the liability of Bank on the checks written by Harris. The endorsements on the certificates of deposit should also have been discovered by the trustees by reason of their deposit to the Trust Fund checking account. Suit was not filed for more than three years thereafter, but there is evidence that some report was made to Bank within the three-year statutory period relating to endorsements....

> There was no evidence of lack of good faith on the part of the bank, so intervenors' action is clearly barred by § 85–5–406(4).

*Id.*, 520 S.W.2d at 259.

In the present case, each party has relied upon the *Kesterson* case for its position.

On the one hand, the plaintiff relies upon language which states that Section 85–4–406(4) is not a statute of limitations, but a rule of substantive law which is a condition precedent to an action. Defendants rely upon the court's holding that the one-year statutory period applied to the liability of the Bank, and that the action was time-barred. This Court finds that the facts in *Kesterson* are distinguishable from the facts at bar, since in this case, the plaintiff did, in fact, discover and report the unauthorized withdrawal within the one-year period. The Court is persuaded by the reasoning given in *Indiana National Corp. v. Faco, Inc.*, 400 N.E.2d 202 (Ind.App.1980), where a corporate customer brought suit against a bank for wrongfully paying forged checks drawn on plaintiff's account. Appellee urged that Ind.Code 26–1–4–406(4) (which is the same as the Ark. statute), should be read as a statute of limitations. The state court of appeals found the appellee's argument to be without merit.

> ... Ind.Code 26–1–4–406(4) is substantive law. A statute of limitations is procedural, *Bennett v. Bennett*, (1977) Ind. App., 361 N.E.2d 193; *Horvath v. Davidson* (1970), 148 Ind.App. 203, 264 N.E.2d 328, and limits the time in which an action may be brought. Ind.Code 26–1–4–406(4) merely requires a customer to "discover and report" to his bank any forged or altered check within one year of the time it is made available to him. The penalty for failure to do so is preclusion from asserting a bad check against the bank. The statute in no way limits or controls the time in which a customer must bring suit.

*Id.*, 400 N.E.2d at 205.

In light of the distinguishability of the *Kesterson* case, as well as the general principles of statutory construction, and the reasoning of the Indiana court as set out above, the Court finds that the plaintiff is not time barred in the instant case.

Since it does not appear that there is any dispute as to the superiority of the plaintiff's lien position, the logical conclusion is

 

that plaintiff is entitled to the proceeds from the escrow account. The plaintiff is directed to prepare a judgment in accordance with this finding.

■ Plaintiff also asks that sanctions be imposed against the defendants, stating that their reliance upon the statute and cases cited by them is misplaced, and that the Bank's pleadings and arguments are not supported by existing law and are got good faith arguments. The Court does not find that sanctions should be imposed. In spite of the Court's ruling on the issues involved, the Court cannot say the defendants' interpretation of the pertinent case law was unjustified. Accordingly, the motion for sanctions is denied.

Based upon the foregoing, the Court hereby finds in favor of the plaintiff on its motion for summary judgment, denies the defendants' motion for summary judgment, and denies the motion for sanctions. A precedent for the judgment should be prepared and submitted by the plaintiff by no later than January 8, 1988.