MILLSTREAM BUILDING SYSTEMS, INC., Appellant,

v.

FIFTH THIRD BANK OF NORTHWEST OHIO, Appellee.

[Cite as *Millstream Bldg. Sys., Inc. v. Fifth Third Bank of Northwest Ohio* (1994), 93 Ohio App.3d 149.]

Court of Appeals of Ohio,
Hancock County.

No. 5–93–35.

Decided Feb. 11, 1994.

*Kentris & Associates* and *George L. Kentris,* for appellant.

*Byron S. Choka* and *Mary L. Mack,* for appellee.

SHAW, Presiding Judge.

Plaintiff-appellant, Millstream Building Systems, Inc. ("Millstream"), appeals the decision of the Hancock County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Fifth Third Bank of Northwest Ohio

("Fifth Third"), in this negligence action. Due to the nature of the issue raised by this appeal, we have, *sua sponte,* transferred the case from the accelerated calendar to the regular calendar.

On March 20, 1992, Millstream filed the complaint in this action, alleging that Fifth Third had negligently misapplied $46,613.29 of Millstream's funds. More specifically, Millstream, a customer of Fifth Third, sought to recover amounts debited to Millstream's checking account as a result of Fifth Third's acceptance and payment on one hundred twenty-three checks forged by one of Millstream's employees and drawn on Millstream's account over a twenty-two month period.

On April 13, 1993, Fifth Third filed a motion for summary judgment. On July 12, 1993, a hearing was held on that motion and, on August 12, 1993, the trial court granted summary judgment in favor of Fifth Third and dismissed Millstream's complaint.

Millstream thereafter brought the instant appeal, raising the following assignments of error:

"I. The trial court erred in granting appellee's motion for summary judgment based on an incorrect interpretation of Ohio Revised Code § 1304.29(D).

"II. The trial court erred in granting appellee's motion for summary judgment when there remained genuine issues of material fact to be resolved."

R.C. 1304.29 governs the issues raised by this case and provides, in relevant part:

"(A) When a bank sends to its customer a statement of account accompanied by items paid in good faith in support of the debit entries * * *, the customer must exercise reasonable care and promptness to examine the statement and items to discover his unauthorized signature or any alteration on an item and must notify the bank promptly after discovery thereof.

"(B) If the bank establishes that the customer failed with respect to an item to comply with the duties imposed on the customer by division (A) of this section, the customer is precluded from asserting against the bank:

"(1) his unauthorized signature or any alteration on the item if the bank also establishes that it suffered a loss by reason of such failure; and

"(2) an unauthorized signature or alteration by the same wrongdoer on any other item paid in good faith by the bank after the first item and statement was available to the customer for a reasonable period not exceeding fourteen calendar days and before the bank receives notification from the customer of any such unauthorized signature or alteration.

"(C) The preclusion under division (B) of this section does not apply if the customer establishes lack of ordinary care on the part of the bank in paying the item.

"(D) Without regard to care or lack of care of either the customer or the bank a customer who does not within one year from the time the statement and items are made available to the customer discover and report his unauthorized signature or any alteration on the face or back of the item or does not within three years from that time discover and report any unauthorized indorsement is precluded from asserting against the bank such unauthorized signature or indorsement or such alteration."

In this case, from November 27, 1989 through August 30, 1991, a Millstream employee undertook an embezzlement-forgery scheme whereby the employee forged the signature of Millstream's president on one hundred twenty-three checks payable to the order of "cash." The employee presented the forged checks to Fifth Third, who honored the checks, paying the amounts to the employee and debiting Millstream's account. On September 9, 1991, the forgeries were discovered by Millstream and reported to Fifth Third.

In granting summary judgment, the trial court found evidence of Millstream's lack of reasonable care and promptness in examining its bank statements and canceled checks. The trial court also found that there was sufficient evidence to establish issues for the trier of fact as to lack of ordinary care on the part of the bank in paying the items. The trial court concluded that if Millstream were proceeding solely under R.C. 1304.29(A) and (B), there would be genuine issues of material fact justifying trial of the cause. As this finding is in accord with the argument made by Millstream in its second assignment of error, this issue is not in dispute on appeal.

However, the trial court determined that R.C. 1304.29(D) was dispositive of the action. The trial court interpreted R.C. 1304.29(D) to mean that, in a case involving a series of forgeries by one person of a single signature, the bank customer has only one year from the time of the *first* forgery to report any and all of the unauthorized signatures, regardless of when they occur, or else recovery is barred.

In this case, as Millstream did not report the unauthorized signature until more than one year after receipt of the bank statement and canceled checks relating to the initial November 27, 1989 forgery, the trial court ruled that R.C. 1304.29(D) precluded recovery against the bank, even though some of the forgeries had taken place within a one-year period prior to the time Millstream notified Fifth Third of the problem. Accordingly, the trial court granted summary judgment in favor of Fifth Third.

On appeal, Millstream argues that the trial court misconstrued R.C. 1304.29(D), adding a restriction which is not warranted by the statutory language. We agree.

While we find no Ohio appellate court decisions addressing the issue, courts in other jurisdictions have interpreted the R.C. 1304.29(D) language, adopted from UCC 4–406, to mean that the one-year limitation begins anew when each new bank statement and the items contained therein are made available to the customer. See *Space Distrib., Inc. v. Flagship Bank of Melbourne* (Fla.App. 1981), 402 So.2d 586; *Indiana Natl. Corp. v. FACO, Inc.* (Ind.App.1980), 400 N.E.2d 202; *Sun 'N Sand, Inc. v. United California Bank* (1978), 21 Cal.3d 671, 148 Cal.Rptr. 329, 582 P.2d 920.

Moreover, the identical issue was addressed by the Hamilton County Court of Common Pleas in *Neo–Tech Sys., Inc. v. The Provident Bank* (1974), 43 Ohio Misc. 31, 72 O.O.2d 329, 335 N.E.2d 395. In that case, the trial court also ruled that the time limitation begins again each time a new bank statement is received by the customer. In so doing, the trial court noted that, in R.C. 1304.29:

" ' * * *[S]ubsection (b) uses two different clauses in its two subsections to describe, first, an unauthorized signature on a single item and, second, an unauthorized signature by the same wrongdoer on any other item paid after the first item was available to the customer. Subsection (d), however, uses the same introductory words ("is precluded from asserting against the bank") but then only describes a single item with the same words used in subsection (b) when it referred to a single item only. It is very significant that the legislature did *not* use in subsection (d) the words used in subsection (b) referring to later items having unauthorized signatures by the same wrongdoer.' " (Emphasis *sic*.) *Id.* at 36, 72 O.O.2d at 332, 335 N.E.2d at 400.

Finally, in the absence of express statutory language restricting a bank customer's right to pursue an action against a bank to the extent determined by the trial court, we are unwilling to infer such a requirement.

Accordingly, as to the checks corresponding to bank statements made available to Millstream within the one-year period of Millstream's notifying Fifth Third of the forged signatures, we find that the trial court erred in granting summary judgment in favor of Fifth Third and we therefore sustain Millstream's two assignments of error to this extent only. However, we find that summary judgment was appropriate as to those checks relating to bank statements made available to Millstream at any time earlier than the one-year period prior to Fifth Third's receiving notice from Millstream of the problem.

For the reasons stated, the judgment of the Court of Common Pleas of Hancock County is reversed as to the checks corresponding to bank statements

made available to Millstream within the one-year period prior to Millstream's notifying Fifth Third of the forged signatures, but affirmed as to those checks relating to bank statements made available to Millstream at any time earlier than the one-year period prior to Fifth Third's receiving notice of the problem. The cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed in part*
*and reversed in part.*

EVANS and HADLEY, JJ., concur.