542 So.2d 1019 (1989)
Gregory H. BURDINE-COAKLEY, Appellant,
v.
CAPITAL BANK, Appellee.
No. 88-1200.
District Court of Appeal of Florida, Third District.
March 28, 1989.
Rehearing Denied May 24, 1989.
Frank A. Abrams, Miami Beach, for appellant.
Wallace, Engels, Pertnoy, Martin & Solowsky, P.A., and Marianne A. Vos, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
PER CURIAM.
Gregory H. Burdine-Coakley appeals from an adverse final judgment. We affirm.
Ralph Coles, Sr., and his nephew, Burdine-Coakley, were authorized signers on a joint checking account held at Capital Bank. Account statements were sent to Coles in Pennsylvania. From April 10 through May 15, 1984, Ralph H. Coles, Jr., Coles's son, signed checks totaling almost $5,000 on the account using his own name. Capital Bank honored the checks, although the son was not an authorized signatory. In May, 1984, when terminally ill, Coles executed a general power of attorney in favor of his son. The document was properly witnessed and notarized by a Pennsylvania notary public. The son thereafter executed a signature card for the account and withdrew over $12,000. Burdine-Coakley brought an action against Capital Bank under a negligence theory. A bench trial was held, after which the trial court entered the following final judgment:
THIS CAUSE came before the Court for nonjury trial on February 26, 1988.
1. The Court allowed Plaintiff to amend his complaint at the time of trial to state two causes of action. The first count grounded on whether the Defendant, CAPITAL BANK breached any duty owed to Plaintiff when it accepted a power of attorney which was signed and notarized; the second count grounded on the theory that Defendant, CAPITAL BANK, was liable for paying checks which predated the power of attorney and which contained an unauthorized signature.

*1020 2. The parties stipulated to the following documents:
(a) The power of attorney signed by RALPH COLES, SR.
(b) Checks in the amount of $12,499.92 on account no. XXXXXXXXX in the name of RALPH H. COLES, SR. and GREGORY H. BURDINE-COAKLEY honored by Defendant, CAPITAL BANK, pursuant to the power of attorney.
(c) Checks containing unauthorized signatures on account no. XXXXXXXXX in the amount of $4,712.34 predating the power of attorney and signed by the donee of the power of attorney, RALPH COLES, JR., an unauthorized signatory.
3. Without additional testimony the Court permitted legal argument as to Count I based upon the stipulated exhibits.
4. As to Count I, the Court finds that even if RALPH COLES, SR., was incompetent at the time of his execution of the power of attorney, as a matter of law the bank had no legal duty to inquire into the circumstances surrounding the execution of the power of attorney or its validity, and was entitled to accept the power of attorney.
5. Therefore, Defendant, CAPITAL BANK, is not liable to Plaintiff, GREGORY BURDINE-COAKLEY, on Count I as a matter of law.
6. As to Count II concerning certain checks dated prior to the receipt of the power of attorney by Defendant, CAPITAL BANK, the Court heard legal argument by counsel and upon having questioned Plaintiff, GREGORY BURDINE-COAKLEY, the Court finds:
(a) The checks written between April 10, 1984 and May 15, 1984 in the amount of $4,712.34 contained the name of RALPH H. COLES, SR., but the signatures contained on the checks are not comparable to the signature of RALPH H. COLES, SR. contained on the Defendant, CAPITAL BANK's, signature cards.
(b) Defendant, CAPITAL BANK, provided statements and cancelled items to RALPH H. COLES, SR. at his request to Philadelphia, Pennsylvania.
(c) Plaintiff, GREGORY BURDINE-COAKLEY, was aware that he could request copies of statements and cancelled items from CAPITAL BANK, but did not do so.
(d) Plaintiff is precluded from this action by Florida Statutes § 674.406 due to his failure to review the statements and cancelled items and his failure to notify CAPITAL BANK of any items that were paid on an unauthorized signature.
(e) Plaintiff failed to establish that Defendant, CAPITAL BANK, breached its duty of ordinary care.
7. Therefore, Defendant, CAPITAL BANK, is not liable to Plaintiff, GREGORY H. BURDINE-COAKLEY, on Count II.
8. Plaintiff, GREGORY H. BURDINE-COAKLEY, takes nothing by this action and Defendant, CAPITAL BANK, go hence without day. This Court retains jurisdiction of the parties and of this cause to tax costs incurred by the Defendant.
We find no error in the final judgment. The record reflects that Burdine-Coakley failed to establish a lack of ordinary care on the part of Capital Bank. See section 674.406(3), Fla. Stat. (1983); Ossip Harris Ins., Inc. v. Barnett Bank of South Florida, N.A., 428 So.2d 363 (Fla. 3d DCA 1983). In addition, no testimony was presented that would indicate Capital Bank ought to have looked behind the execution of the power of attorney. Cf. Smith v. McEwen, 119 Fla. 588, 161 So. 68 (1935) (power of attorney and notary's recital in certificate of acknowledgment must be regarded as conclusive unless impeached by clear and convincing evidence).
The final judgment under review is affirmed.
BASKIN and JORGENSON, JJ., concur.
SCHWARTZ, Chief Judge (dissenting in part).
I do not agree with affirmance of the judgment below in so far as it relates to *1021 the $4,712.34 in checks which bore the signature of the depositor, Mr. Coles, Sr., but which were admittedly unauthorizedly forged by his son in a manner which was obviously "not comparable" to the one which appeared on the bank's signature cards. The only basis[1] for the denial of the bank's liability for its plainly unauthorized payments from Mr. Coles's account, see § 674.401, Fla. Stat. (1983), was the plaintiff's failure to comply with section 674.406, Florida Statutes (1983). Under section 674.406(3), however:
(3) The preclusion under subsection (2) does not apply if the customer establishes lack of ordinary care on the part of the bank in paying the item(s).
In this case, I would hold that the bank's failure even to compare the signatures on the checks with the ones on its own signature cards constituted a failure to exercise ordinary care as a matter of law. See 7 R.A. Anderson, Uniform Commercial Code § 4-406:26 (3d ed. 1985). Compare Ashley-Hall Interiors, Ltd. v. Bank of New Orleans, 389 So.2d 850 (La. App. 1980) with Nu-Way Services, Inc. v. Mercantile Trust Co. Nat'l Ass'n, 530 S.W.2d 743 (Mo. App. 1975). But cf. Monaghan v. Provident Nat'l Bank, 346 Pa.Super. 163, 499 A.2d 362 (1985); Vending Chattanooga, Inc. v. American Nat'l Bank & Trust Co., 730 S.W.2d 624 (Tenn. 1987).
In my view, the ancient principle that a depositor bank is held to know its customers' signatures as a matter of law and cannot defend an improper payment on the ground even of a skillful forgery[2] should not be undercut on facts such as these, notwithstanding the inroads into the rule represented by section 4-406(1)-(2) of the UCC. See generally Sabatino v. Curtiss Nat'l Bank, 446 F.2d 1046 (5th Cir.1971); First Nat'l Bank v. Hackworth, 673 S.W.2d 218 (Tex. App. 1984). Cf. Hanover Ins. Cos. v. Brotherhood State Bank, 482 F. Supp. 501 (D.Kan. 1979). As is said in M. Squillante & J. Fonseca, The Law of Modern Commercial Practices § 6:10 (rev. ed. 1981):
The common law and general rule still seems to be that a drawer of an item can insist that the bank credit his account for the amount of any unauthorized payment made by the bank. It seems almost universally acclaimed that a bank is not permitted to debit its customer's account for any improperly paid item especially in a situation where the bank has paid over a forged or unauthorized signature. (footnote omitted)
On the other hand, since whether the bank's payment of the checks executed under the power of attorney was or was not negligent under section 674.406(3) was properly for the fact finder,[3] I agree with affirmance as to those items.
NOTES
[1] The bank does not invoke § 674.406(4), Fla. Stat. (1983) as a defense. See Space Distribs., Inc. v. Flagship Bank, 402 So.2d 586, 589 (Fla. 5th DCA 1981).
[2] Lord Mansfield, the author of Price v. Neal, 3 Burr. 1354 (K.B. 1762), which established this doctrine, must be whirling in his grave.
[3] Squillante and Fonseca go on to say at 204:

Of course, it is possible that the bank may be able to establish some defenses as for example, it may be able to show that the unauthorized signature was in fact, authorized because of a power of attorney to sign for another. Parol evidence should be admissible to prove the existence or nonexistence of the fact. (footnote omitted)